UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION ) | |
| LABORERS WELFARE FUND, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:12-CV-792 (CEJ) |
| ) | |
| ADAMS LANDSCAPING, INC., ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion to compel an accounting following an entry of default against defendant Adams Landscaping, Inc. Defendant was served with a summons and a copy of the complaint on May 14, 2012, and has not filed an answer or otherwise appeared in this matter. On June 13, 2012, the Clerk of Court entered default against defendant.

I.   Background

Plaintiffs bring this action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1974, as amended, 29 U.S.C. § 185, and Section 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132. Plaintiffs are two employee benefit plans (the Welfare and Pension Trusts), their trustees (collectively, the plans), and Local Union Nos. 42, 53 and 110 of the Laborers International Union of North America (the Union). According to the complaint, defendant failed to submit monthly contribution reports from October 2010 through April 2011, and in December 2011 and February 2012. Plaintiffs also allege that, while defendant submitted some reports and paid some

contributions, it is impossible to determine the accuracy of these reports and contributions absent a payroll examination from the period of March 1, 2010.

Plaintiffs submit the affidavit of Ron Graves, controller for the funds. Mr. Graves states that, on September 24, 2007, defendant executed an agreement to be bound by the 2007-2010 collective bargaining agreement with the union. Pl. Ex. A [Doc. #5-3]. Defendant also agreed to "be bound by all renewals, changes or extensions thereto," absent a timely notice of termination. Id. A successor collective bargaining agreement, effective from May 1, 2010 to April 30, 2012, was negotiated and executed. Pl. Ex. C [Doc. #5-5]. Mr. Graves attests that defendant did not provide a notice of termination and thus is bound by the successor agreement. Under the terms of the agreements, defendant is obligated to submit monthly report forms and contributions. The agreements also give plaintiffs the right to audit defendant's financial records. Mr. Graves attests that defendant has submitted some reports, but that the accuracy of those reports cannot be determined without an audit. Plaintiffs seek an order compelling defendant to submit to a financial compliance examination for the period March 1, 2010, to the present. The record before the Court establishes plaintiffs' entitlement to contributions only through April 30, 2012, and any examination must be similarly limited.

Rule 55(b)(2)(A) of the Federal Rules of Civil Procedure allows a court to enter an order compelling an accounting when necessary to enter or effectuate a judgment. In the present case, the plaintiffs cannot determine the full amount of unpaid contributions and liquidated damages that are owed to them without conducting an audit of the defendant's books and records for the period from March 1, 2010 through April 30, 2012. The information obtained through the audit is necessary to enable the

Court to enter judgment in the correct amount and, therefore, the plaintiffs' motion will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for a default order to compel an accounting [Doc. #4] is **granted**.

**IT IS FURTHER ORDERED** that, not later than **July 30, 2012** defendant Adams Landscaping, Inc., shall produce for inspection by plaintiffs all books, ledgers, payroll records, cash disbursement ledgers, bank statements and other documents reflecting or pertaining to all hours worked by and wages paid to employees of Adams Landscaping, Inc., for the period beginning March 1, 2010, through April 30, 2012.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this order to defendant Adams Landscaping, Inc., at the following address:

>Adams Landscaping, Inc.
>15606 Debridge Way
>Florissant, MO 63034

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 14th day of June, 2012.